### WOODARD v. JOHNSON.

(Supreme Court, Appellate Term. April 10, 1908.)

LANDLORD AND TENANT — LEASES — BREACH — SUFFICIENCY OF EVIDENCE — AMOUNT OF RECOVERY.

Plaintiff leased an apartment house for $475 per month, and deposited $475 with the lessor as security for the performance of the lease. $76.17 of the rent due June 15th was not paid, and on the 8th day of July a precept in dispossess proceedings was issued, and the warrant was issued on July 20th and executed July 25th. No rent was paid for July. The plaintiff, while claiming a right to recover $76.17 for the June rent and $475 for the July rent, in addition to the right to retain the deposit of $475, sued for $500. The defendant admitted $76.17 to be due for the

June rent, but claimed the right to recover the $475 deposit. *Held*, that on the facts shown a judgment in favor of plaintiff for $100 was not authorized.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Harlin J. Woodard against Edward A. Johnson for breach of a lease. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

E. T. Chappell, for appellant.

J. P. Maule, for respondent.

PER CURIAM. This judgment must be reversed, because the record upon which it was rendered does not clearly establish the plaintiff's right to the $100 awarded to him. The evidence that was offered is conflicting, and nearly the whole record consists simply in a colloquy between the court and counsel. The lease, which was offered in evidence, shows that the defendant rented an apartment house from the plaintiff, for which he agreed to pay $475 monthly in advance on the 15th day of each month, and deposited $475 with the plaintiff, as security for the performance of the terms of the lease. It appears that $76.17 of the rent due June 15th was not paid; that on the 8th day of July a precept in dispossess proceedings was issued; that the warrant was issued on July 20th, and executed July 25th; and that the defendant did not pay any rent for the month of July. The plaintiff, while claiming the right to recover $76.17 for the June rent and $475 for the July rent, in addition to the right to retain the deposit of $475, sued for the sum of $500. The defendant admitted $76.17 to be due for the June rent, and claimed the right to recover the deposit of $475. These were the only facts proved or admitted, and upon them the trial justice awarded judgment for the plaintiff for $100. We are unable to understand any theory upon which, on the facts stated, the plaintiff was entitled to this award. Perhaps, upon a new trial, if counsel offer proof, instead of argument, a basis may be laid for arriving at an intelligent conclusion.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.